JOSAPHAT HEBERT *vs.* FRANK P. DUFFY, Town Treasurer, West Warwick.

JUNE 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Municipal Corporations. Police Officers. Payment of Salaries. Mandamus.*

Under the act creating the town of West Warwick, the town treasurer was directed to pay the salaries of police officers appointed by the board of police commissioners, on orders from the board, to be paid from money received from license fees. The treasurer did not have funds received from license fees sufficient to pay petitioner's bill for services as a police officer doing patrol duty. The financial town meeting appropriated a sum for the services of patrolmen, but declined by a resolution "to appropriate any money to pay the salary of the present chief of police (the petitioner) so long as he shall remain in said office." The petitioner had received no compensation as chief of police from the time he commenced doing patrol duty.

*Held,* that the fund for patrol service was not subject to the order of the town council, but to that of the police commissioners under the act creating the town, but as it did not appear that the fund was at the time of the hearing sufficient to pay any of petitioner's bills, regardless of whether the fund was available *mandamus* should not issue commanding payment out of the fund.

(2) *Municipal Corporations. Police Officers. Payment of Salaries. Mandamus.*

Where the legislature has not imposed any obligation upon a town to supply funds for the maintenance of its police department, as it might have refused to make any appropriation, it can attach binding conditions to such appropriation as it may make for police purposes, and where the town meeting by resolution prohibited the town treasurer from paying any money out of the fund appropriated, as salary for a designated official, the board of police commissioners charged with its expenditure cannot violate the conditions attached to the appropriation.

MANDAMUS.    Heard on petition for writ and denied.

RATHBUN, J.    This is a petition to this court for a writ of *mandamus* to compel the treasurer of the town of West Warwick to pay the petitioner's bills for services rendered as a police officer in patrolling the villages of said town. Said bills have been allowed and ordered paid by the Board of Police Commissioners for said town.

The town of West Warwick was created by dividing the town of Warwick into two towns.    At the time of the division the police affairs of the town of Warwick were under the control and direction of a police commission created by Chapter 695 of the Public Laws of 1911.    Said chapter fixed the powers and duties of the police commission.    The town of Warwick was divided and the town of West Warwick created by Chapter 1012, Public Laws, 1913.    Section 6 of said chapter created a police commission for the town of West Warwick and provided that said police commission should have all the powers and privileges that had been conferred upon the police commission for the old town of Warwick by virtue of said Chapter 695.    Section 18 of said chapter provides in part as follows:  "Sec. 18.    The town treasurer of the town of Warwick is hereby authorized, empowered and directed to pay the salaries of the members of said board, the clerk of said board, as specified in Section 16 of this act, the salaries of police officers appointed by said board, or by law, in office at the time of the passage of this act, and thereafter, and all other incidental expenses enumerated in the foregoing section on presentation to the town treasurer of an order from said board certifying such expenses in detail and that such bills or accounts are correct: *Provided, however,* that the sum or sums so expended by said board shall not in any one year exceed five thousand dollars, exclusive of the salaries provided for in Section 16 of this act; *and provided, further,* that said sum of five thousand dollars or such part thereof as may be expended in any one year, shall be paid by the town treasurer from the moneys received by said board as license fees."

At the hearing before us it appeared that the respondent did not have funds "received by said board as license fees" sufficient to pay any of the above bills and it also appeared that at the financial town meeting held for said town on May 16, 1922, the following appropriations were made:

"The sum of thirty hundred dollars is hereby appropriated to pay for the services of patrolmen for day or night service upon such beats as the police commission may designate.

"The further sum of One Thousand Dollars is hereby appropriated for other police services to be expended under the direction of the police commission."

Said meeting adopted a resolution declining "to appropriate any money to pay the salary of the present Chief of Police, so long as he shall remain in said office."

The petitioner is Chief of Police of said town but he has received no compensation as Chief of Police since the time when he commenced doing patrol duty and the bills in question purport to be for services in patrolling the town at the order of the police commission.

The respondent testified that on March 1, 1923, the balance of the appropriation made, at the financial town meeting, for patrol service was $699. If this fund was available for the payment of the petitioner's bills the respondent until said date had sufficient funds to pay all of the petitioner's bills when they were severally ordered paid.

The respondent contends that said special appropriation for patrol service was not subject to the order of the police commission but subject only to the order of the town council which has not approved the bills. The fund is not subject to the order of the town council. Section 7 of said Chapter 695 transfers to the police commission all powers of the town council to appoint and regulate patrolmen, to fix their compensation and to audit the police pay roll. It appears that the bills were allowed and ordered paid by the Board of Police Commissioners. Section 18 (quoted *supra*) of said chapter directs the town treasurer to pay the salaries of police officers on presentation "of an order from said board

certifying such expenses in detail and that such bills or accounts are correct."

Although it appears that the fund representing the balance of the special appropriation for patrol service was, if available, sufficient to pay the bills of the petitioner, (except the one for the month of March) at the times when they were ordered paid it did not appear at the hearing that said fund had not been depleted since March 1, 1923. It not appearing that said fund was, at the time of the hearing, sufficient to pay any of the petitioner's bills, it is clear, regardless of the question whether the fund is available, that the writ of *mandamus* should not issue commanding payment out of said fund. We will, however, consider the respondent's contention that the fund was never available for the payment of the petitioner's salary.

The legislature has imposed no duty upon the town of West Warwick to supply any funds for the maintenance of the police department. Said town being under no legal obligation to supply funds for the maintenance of the police department might, without violating any legal duty, have refused to make any appropriation for police purposes. If said financial town meeting could rightfully refuse to appropriate funds for police purposes said meeting could attach binding conditions to its appropriations for police purposes. Said financial town meeting did attach a condition to the appropriation of $3,000, "to pay the services of patrolmen." Said meeting adopted a resolution refusing to appropriate any money to pay the salary of the "present Chief of Police" and the resolution appropriating said fund of $3,000 contains the following provision: "The Town Treasurer is hereby prohibited from paying to any of said three officials" (one of which is the petitioner) "any sum of money as salary or compensation for services out of any of the moneys this day appropriated." The Board of Police Commissioners could not be required to expend said fund. While said board is at liberty to leave said fund unexpended if said board does expend any of said fund the

expenditure must not violate the conditions attached to said appropriation and must be for purposes for which the appropriation was made. One of the conditions attached to the appropriation was that no part of it should be used either to pay the petitioner's salary or to compensate him for services rendered and the appropriation was made to pay patrolmen other than the petitioner.

The appropriation for "other police services" is not available for the additional reason that the appropriation was made to be expended for police services other than patrol services.

The petition is dismissed.

*John F. Murphy,* for petitioner.

*Alberic A. Archambault,* for respondent.